# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL EUGENE GOWDY JR., <br><br> Plaintiff, <br><br> v. <br><br> A. CRUZ, <br><br> Defendant. | Case No. 1:22-cv-00202-EPG-PC <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND <br><br> OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS <br><br> (ECF No. 41) <br><br> ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Carl Eugene Gowdy Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Now before the Court for screening is Plaintiff's First Amended Complaint ("FAC") dated May 19, 2022. (ECF No. 14). Plaintiff sues correctional officer A. Cruz for defamation and emotional distress. Plaintiff alleges that Defendant Cruz falsely accused Plaintiff of sexual assault, which put Plaintiff in danger of being harmed by the inmate population.

The Court has reviewed the FAC, and, for the reasons given below, will recommend that this action be dismissed for failure to state a claim and without further leave to amend.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, (ECF No. 9), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## II. SUMMARY OF FIRST AMENDED COMPLAINT

In Plaintiff's FAC, Plaintiff alleges that A. Cruz, freestaff cook at Kern Valley State Prison ("KVSP"), falsely accused Plaintiff of sexual assault, knowing that such an accusation could get Plaintiff harmed in the prison setting.

While working in D-1 dining, A. Cruz made up a story against Plaintiff. Plaintiff was handcuffed and escorted to Administrative Segregation Unit in front of other prisoners, which

made Plaintiff appear guilty. Since the incident, Plaintiff has been threatened by other prisoners who believe he assaulted an old woman. Plaintiff was found not guilty due to lack of evidence.

It is common knowledge that men accused of sex crimes against women and children are physically attacked by other inmates and are sometimes killed. Plaintiff has undergone unbearable stress since the accusation. The eye witnesses and video footage showed that A. Cruz lied with the intent to smear Plaintiff's name and cause him harm.

Plaintiff sues A. Cruz for defamation and emotional distress.

### III.     EVALUATION OF PLAINTIFF'S COMPLAINT

The Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393–94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). See also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 695 (1978).

### A.   Defamation

"Damage to reputation alone is not actionable under § 1983." Hart v. Parks, 450 F.3d 1059, 1069 (9th Cir. 2006). However, if a government official's act of defamation results in a plaintiff being deprived of a previously held constitutionally protected right, a plaintiff may be able to state a claim for defamation under § 1983 on the theory that he or she has been deprived of a constitutionally protected right without the procedural guarantees of the Fourteenth Amendment. See Paul v. Davis, 424 U.S. 693, 708–09 (1976) (recognizing that a § 1983 defamation case might lie where a government official defames a plaintiff and the official's action "deprived the individual of a right previously held under state law"; "it was the alteration of legal status which, combined with the injury resulting from the defamation, justified the invocation of procedural safeguards").

To state a claim for § 1983 defamation, a plaintiff must demonstrate (1) that he was stigmatized by a defamatory statement, and (2) that, as a result of the defamatory statement, he was denied of a federally protected interest without due process of law. Hart, 450 F.3d at 1070 (quoting Paul, 424 U.S. at 701–02). "This is known as the 'stigma-plus' test." Hart, 450 F.3d at 1070. The "stigma-plus" test can be satisfied in two ways. The first way is for a plaintiff to "show that the injury to his reputation was inflicted *in connection with* the deprivation of a

federally protected right." Id. The second way is for a plaintiff to "show that the injury to his reputation *caused* the denial of a federally protected right." Id.

Here, Plaintiff fails to allege a defamation claim under § 1983. Plaintiff asserts that by falsely accusing Plaintiff of sexual assault, and that Defendant Cruz injured his reputation and put him in danger of harm from other inmates. However, Plaintiff does not sufficiently allege that he was stigmatized by a defamatory statement or deprived of any constitutionally protected right.

"False statements, alone, do not violate a prisoner's constitutional rights," Alverto v. Henderling, No. C18-1380 BJR-BAT, 2018 WL 7018718, at *1 (W.D. Wash. Oct. 2, 2018), report and recommendation adopted, 2019 WL 174674 (W.D. Wash. Jan. 11, 2019), nor is the filing of a false rules violation report by a prison official against a prisoner a *per se* violation of the prisoner's constitutional rights, Muhammad v. Rubia, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), aff'd, 453 F. App'x 751 (9th Cir. 2011). This is because "a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983." Muhammad, 2010 WL 1260425, at *3 (internal citations omitted); Harper v. Costa, 2009 WL 1684599, at *2–3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), aff'd, 393 F. App'x 488 (9th Cir. 2010).

Plaintiff does not allege that he was denied procedural due process in his disciplinary hearing. On the contrary, Plaintiff alleges that he received a hearing and was found not guilty due to lack of evidence.  False statements or a false rules violation report, alone, do not violate a prisoner's constitutional rights, and thus, Plaintiff cannot "show that the injury to his reputation was inflicted in connection with the deprivation of a federally protected right" or "that the injury to his reputation *caused* the denial of a federally protected right." Hart, 450 F.3d at 1070.

To the extent Plaintiff tethers his stigma plus defamation claim to the theory that Defendant Cruz's false statement caused the denial of his right to be protected from harm, the Court finds that Plaintiff fails to state a cognizable claim for relief. The Eighth Amendment requires, *inter alia*, that prison officials "take reasonable measures to guarantee the safety of the inmates" because "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832, 833 (1994) (internal quotation marks and citations omitted). A prison official violates this duty when two requirements are met. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." Farmer, 511 U.S. at 834. Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate health or safety." Id. at 834 (internal quotation marks omitted and citations omitted). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Deliberate indifference is "something more than mere negligence," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." Id. at 842.

The Complaint alleges in conclusory fashion that Plaintiff "has been threaten by other prisoners whom believe I assaulted a old women." (ECF No. 14 at p. 3). However, Plaintiff has not provided sufficient factual allegations to demonstrate that Cruz's false statements caused "a substantial risk of serious harm" and that Cruz was subjectively aware of that risk and acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834. Therefore, Plaintiff has not shown "that the injury to his reputation *caused* the denial of a federally protected right." Hart, 450 F.3d at 1070.

Based on the foregoing, Plaintiff does not allege facts establishing that a defamatory statement inflicted reputational injury in connection with or caused a deprivation of a federally protected right, and the FAC fails to state a cognizable claim for defamation under § 1983.

///
///

### B. Emotional Distress

> To prevail on a claim of intentional infliction of emotional distress under California law, a plaintiff must establish: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."

Avina v. United States, 681 F.3d 1127, 1131 (9th Cir. 2012) (quoting Hughes v. Pair, 46 Cal. 4th 1035, 1050 (Cal. 2009)). "In order to be considered outrageous, the conduct 'must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007) (quoting Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (Cal. 1982)).

Moreover, intentional infliction of emotional distress is a state law tort claim. Although a federal court may exercise supplemental jurisdiction over state law claims, a court may do so only if the case also includes a federal claim that provides the court with original federal jurisdiction. See 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) ("[W]here there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under § 1367").

Here, as discussed above, the FAC does not allege a cognizable claim for defamation under § 1983 and thus does not adequately allege facts demonstrating that the Court has original federal jurisdiction. Without original federal jurisdiction, the Court does not have supplemental jurisdiction over Plaintiff's state law emotional distress claim.

### IV. ORDER AND RECOMMENDATIONS

Thus, IT IS ORDERED that the Clerk of Court is respectfully directed to appoint a district judge to this case.

And the Court recommends that this action be dismissed without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his first amended complaint with the benefit of this information but failed to cure the deficiencies identified in

the screening order. Thus, it appears that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED as follows:

1. Plaintiff's first amended complaint be dismissed for failure to state a claim and for lack of supplemental jurisdiction, and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 26, 2022**                    /s/ *Erica P. Grosjean*
                                                             UNITED STATES MAGISTRATE JUDGE